1

2

3

4

5

6

7

8                                    **UNITED STATES DISTRICT COURT**

9                                          **DISTRICT OF NEVADA**

10

11   STEPHEN R. KERN,                          )

12                          Plaintiff(s),       )          Case No. 2:13-cv-00855-RFB-NJK
                                                )
13   vs.                                        )          ORDER
                                                )
14   CLARK COUNTY SHERIFF, et al.,              )          (Docket No. 31)
                                                )
15                          Defendant(s).        )
     _____)

16          Pending before the Court is Plaintiff's motion for assistance in serving Defendants.  Docket

17   No. 31.  Plaintiff is proceeding in this action *pro se* and *in forma pauperis*.  *See* Docket No. 9.  On

18   October 11, 2013, Plaintiff filed an amended civil rights complaint.  Docket No. 14.  On May 5,

19   2014, the Court reviewed Plaintiff's amended complaint under 42 U.S.C. § 1983.  Docket No. 16.

20   The Federal Rule of Civil Procedure 4(m) dismissal deadline for this case is August 24, 2015.  *See*

21   Docket No. 29. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served

22   within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice

23   against that defendant or order that service be made within a specified time."

24          On March 25, 2015, the U.S. Marshal filed a status of service, stating that Defendants

25   Martinez and Rogers were not served because the USM-285 forms submitted by Plaintiff were

26   defective.  On April 27, 2015, Plaintiff filed unexecuted USM-285 forms.  Docket No. 30.  Again,

27   the U.S. Marshal informed Plaintiff of the information that he must provide for process to be served.

28   *See* Docket No. 30, at 2; Docket No. 20, at 4, 6.  Specifically, Plaintiff must provide the address of

1    Defendant Martinez's employer and the first and last name or badge number for Defendant Rogers.

2    *Id.*  On July 22, 2015, Plaintiff filed the pending motion requesting the Court to assist Plaintiff in

3    serving Defendants.  Docket No. 31.

4         An incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S.

5    Marshal for service of the summons and complaint.  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.

6    1990.  However, Plaintiff must provide the necessary information to help effectuate service.  "The

7    Court is not required to, and in fact cannot, act as an investigative body to determine correct

8    addresses for defendants."  *Antonetti v. Las Vegas*, 2015 WL 247806, at *3 (D. Nev. Jan. 16, 2015).

9    However, if there is sufficient information to identify the Defendant to be served, the Court can

10   direct the Las Vegas Metropolitan Police Department to facilitate the U.S. Marshal's service of

11   process.  *See id.*, at *3.  Therefore, the Court directs the Las Vegas Metropolitan Police Department

12   to file, under seal, the last-known addresses of Defendants Martinez and Rogers.  If the Las Vegas

13   Metropolitan Police Department does not have the last-known addresses of Defendants Martinez and

14   Rogers, and Plaintiff wishes to have service again attempted, Plaintiff shall file a motion shall with

15   the Court specifying a more detailed name and/or address for said defendant, or whether some other

16   manner of service should be attempted.

17        Accordingly, for good cause shown,

18        IT IS ORDERED:

19        1.    Plaintiff's motion for assistance in serving Defendants (Docket No. 31) is hereby

20              **GRANTED**.

21        2.    The Clerk of the Court shall serve a copy of this order and a copy of the amended

22              complaint (Docket No. 14) on the Las Vegas Metropolitan Police Department, c/o

23              General Counsel, 400 S. Martin L. King Boulevard, Las Vegas, NV 89106.  The Las

24              Vegas Metropolitan Police Department shall file a notice, no later than **August 13,**

25              **2015**, advising the Court and Plaintiff of: (1) the names of the defendants for whom

26              it accepts service; (2) the names of the defendants for whom it does not accept

27              service; and (3) the names of the defendants for whom it is not accepting service but

28              for whom it is filing last-known address information under seal.

3.      If the Las Vegas Metropolitan Police Department does not have the last-known addresses of either Defendant Martinez or Rogers, and Plaintiff wishes to have service attempted on either Defendant, a motion shall be filed with the Court specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

4.      No later than three days after the receiving Defendants' last-known addresses, the Clerk of the Court shall issue summons on Defendants and deliver the summons to the USMS.

5.      Within thirty days after receiving the summons for Defendants from the Clerk of the Court, the USMS shall attempt to serve the summons and amended complaint on Defendants.  The USMS shall provide Plaintiff with a Form USM-285 (without listing Defendants' addresses) indicating whether service was effected.

6.      Plaintiff shall file the Forms USM-285 within ten days after receiving them from the USMS.

7.      The Court hereby **EXTENDS** the time for Plaintiff to serve Defendants pursuant to Federal Rule of Civil Procedure 4(m) by 60 days, to **October 23, 2015**.

DATED: July 30, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

- 3 -