UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHEN R. KERN,<br><br>    Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SHERIFF, et al.,<br><br>    Defendants. | 2:13-cv-00855-RFB-NJK<br><br>**O R D E R**<br><br>(Docket No. 48) |

Pending before the Court is Plaintiff's Motion for Assistance in Serving Defendant Peggy Martinez, filed on January 5, 2016. Docket No. 48. Plaintiff's motion requests the Court to issue an order requiring the LVMPD "to locate the defendant [and] produce the necessary information of the Defendant Peggy Martinez" so that he may effectuate service. *Id*. at 2. For the reasons more fully discussed below, Plaintiff's motion is hereby **DENIED**.

### I. PROCEDURAL HISTORY

This is a *pro se* prisoner case in which the Plaintiff alleges, *inter alia*, that the prison food is constitutionally inadequate. Docket No. 16 at 3-4. Plaintiff initially filed the instant case on May 15, 2013. Docket No. 1. He filed his amended application for leave to proceed *in forma pauperis* on August 6, 2013. Docket No. 8. On August 12, 2013, the Court granted Plaintiff's application for leave to proceed *in forma pauperis* and screened his complaint. Docket No. 9. The Court dismissed Plaintiff's complaint with leave to amend. *Id*.

//

On October 11, 2013, Plaintiff filed an amended complaint. Docket No. 14. On May 5, 2014, the Court screened Plaintiff's amended complaint and allowed it to proceed only on Counts I and II against Defendant Martinez and one other defendant.[1] Docket No. 16. On May 6, 2014, a summons was issued for Defendant Martinez. Docket No. 17. On March 25, 2015, the United States Marshal Service filed a notice with the Court that it had not served the summons and complaint on Defendant Martinez because the address Plaintiff provided for her was incorrect, and the Las Vegas Metropolitan Police Department ("LVMPD") would not accept service on her behalf as she was a contracted employee. Docket No. 26.

On March 25, 2015, the Court issued a notice of intent to dismiss, as the amended complaint had not been served, and set the dismissal deadline for April 24, 2015. Docket No. 27. On April 1, 2015, Plaintiff filed a motion to extend time. Docket No. 28. On April 7, 2015, the Court extended Plaintiff's time to serve Defendant until August 24, 2015. Docket No. 29. On April 27, 2015, Plaintiff filed a notice that he received from the United States Marshal Service indicating that it was unable to serve Defendant Martinez. Docket No. 30. On July 22, 2015, Plaintiff filed a motion requesting assistance in serving Defendant Martinez. Docket No. 31. The Court granted Plaintiff's motion on July 30, 2015, and ordered LVMPD to file a notice indicating whether it would accept service for Defendant Martinez and, if not, indicating under seal her last-known address. Docket No. 32. The Court also extended the time for service to October 23, 2015. *Id*.

On August 13, 2015, LVMPD filed a notice indicating that it does not accept service for Defendant Martinez, and that it is unable to provide her last-known address, as she had never been an LVMPD employee. Docket No. 33. On August 14, 2015, Plaintiff filed a letter that he received from The Corporation Trust Company of Nevada, indicating that Defendant Martinez is not listed on its records or on the records of the State of Nevada. Docket No. 34.

On September 3, 2015, Plaintiff filed a motion for assistance in serving Defendant Martinez. Docket No. 36. On October 16, 2015, the Court granted Plaintiff's motion. Docket No. 39. The Court ordered LVMPD to file a notice advising of the name and last-known address of the food

---

[1] As the other defendant is not relevant to the instant motion, however, the Court discusses only Defendant Martinez in this order.

- 2 -

1  service provider at the Clark County Detention Center. *Id.* at 3. The Court ordered the Clerk of
2  Court to issue summons on Defendant Martinez and deliver that summons to the United States
3  Marshal Service, and ordered the Marshal Service to attempt service of the summons and amended
4  complaint on Defendant Martinez, and to then provide Plaintiff with a Form USM-285 indicating
5  whether service was effected. *Id.* The Court further ordered Plaintiff to file those forms with the
6  Court, and extended the service date to December 22, 2015. *Id.*

7  On October 30, 2015, LVMPD filed a sealed notice in compliance with the Court's order.
8  Docket No. 42. On December 8, 2015, a summons was issued for Defendant Martinez. Docket No.
9  43. On December 18, 2015, Plaintiff filed a motion asking to extend time for service. Docket No.
10 44. The Court granted this motion on January 6, 2016, and extended the Rule 4(m) deadline to
11 February 22, 2016. Docket No. 49. On December 24, 2015, the United States Marshal Service filed
12 an unexecuted return of summons for Defendant Martinez, indicating that she does not reside or
13 work at the given address. Docket No. 45. On January 5, 2016, Plaintiff filed the motion presently
14 before the Court. Docket No. 48.

15 **II.     ANALYSIS**

16 A plaintiff is responsible for serving the defendant with both a summons and complaint
17 within the time permitted under Rule 4 of the Federal Rules of Civil Procedure. It provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

21 Fed.R.Civ.P. 4(m).  In cases involving a plaintiff proceeding *in forma pauperis*, a United States
22 Marshal, upon order of the court, shall serve the summons and the complaint. Fed.R.Civ.P. 4(c)(3);
23 28 U.S.C. § 1915(d). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled
24 to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be
25 penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the
26 court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994)
27 (quoting *Puett*, 912 F.2d at 275), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472
28 (1995). However, the burden remains on a *pro se* plaintiff to provide the Marshal with accurate and

- 3 -

1  sufficient information to effectuate service. *Walker*, 14 F.3d at 1421-22; *see also Rochon v.*
2  *Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987) (noting that plaintiff "may not remain silent and do
3  nothing to effectuate . . . service").

4  "The Court is not required to, and in fact cannot, act as an investigative body to determine
5  correct addresses for defendants." *Antonetti v. Las Vegas*, 2015 WL 247806, at *3 (D. Nev. Jan. 16,
6  2015) (Boulware, J.) "The Supreme Court has made it clear that "[d]istrict judges have no
7  obligation to act as counsel or paralegal to *pro se* litigants." *Id*. (citing *Pliler v. Ford*, 542 U.S. 225,
8  231 (2004)). "To do so would undermine district judges' role as impartial decisionmakers."
9  *Antonetti*, 2015 WL 247806, at *3 (internal quotations omitted). As such, it is not a judge's "role
10  or responsibility to track down a defendant's addresses so a plaintiff may serve process." *Id*.
11  However, if a plaintiff provides sufficient information to identify the defendant to be served, the
12  Court can direct LVMPD or Attorney General of Nevada "to facilitate the U.S. Marshal's service
13  of process." *Id*.

14  Consistent with *Antonetti*, the Court has already provided Plaintiff assistance in serving
15  Defendant Martinez by ordering LVMPD to file a notice advising of the address of the food service
16  provider at the Clark County Detention Center and by ordering the United States Marshal Service
17  to attempt service on Defendant Martinez at that address. Docket No. 36 at 3. However, the United
18  States Marshal Service filed an unexecuted return of summons for Defendant Martinez, indicating
19  that she does not reside or work at the given address. Docket No. 45. Thus, the information
20  furnished by Plaintiff proved inadequate to identify the defendant to be served, even with the Court's
21  assistance.

22  In the present motion, Plaintiff offers no new information regarding Defendant Martinez's
23  identity.[2] Instead, Plaintiff requests an order from this Court requiring LVMPD to "produce the
24  necessary information of [Defendant Martinez]." Docket No. 48 at 2. However, "Plaintiff is
25  obligated to provide the necessary information to help effectuate service." *Antonetti*, 2015 WL

---

[2] To the extent Plaintiff seeks to discover the name of the "food service director whose [sic] preparing the meals at the facility [and] the name of the company," the Court finds that these requests are not properly before the Court. Docket No. 48 at 2.

- 4 -

1  247806, at *3.  He has failed to do that here.  Accordingly, Plaintiff's motion (Docket No. 48) is
2  hereby **DENIED**.
3        IT IS SO ORDERED.
4        DATED this   7th   day of January, 2016.

                                                    _____
                                                    NANCY J. KOPPE
                                                    United States Magistrate Judge