1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEPHEN R. KERN,                                   )
                                                   )
                          Plaintiff(s),            )          Case No. 2:13-cv-00855-RFB-NJK
                                                   )
vs.                                                )          ORDER
                                                   )
CLARK COUNTY SHERIFF, et al.,                      )          (Docket No. 51)
                                                   )
                          Defendant(s).            )
_____        )

Presently before the Court is Plaintiff's motion for reconsideration of the Court's December 30, 2015, order denying Plaintiff's motion to extend prison copy work limits. Docket No. 51. *See also* Docket Nos. 46, 47. The Court finds that this motion is properly resolved without oral argument. *See* Local Rule 78-2.

**I.      PROCEDURAL HISTORY**

This is a *pro se* prisoner case in which the Plaintiff alleges, *inter alia*, that the prison food is constitutionally inadequate. Docket No. 16 at 3-4. Plaintiff filed the instant case on May 15, 2013. Docket No. 1. He filed his amended application for leave to proceed *in forma pauperis* on August 6, 2013. Docket No. 8. On August 12, 2013, the Court granted Plaintiff's application for leave to proceed *in forma pauperis* and screened his complaint. Docket No. 9. The Court dismissed Plaintiff's complaint with leave to amend. *Id.* On October 11, 2013, Plaintiff filed an amended complaint. Docket No. 14. On May 5, 2014, the Court screened Plaintiff's amended complaint and allowed it to proceed on Counts I and II against Defendants Martinez and Rogers. Docket No. 16.

. . .

. . .

1    On December 29, 2015, Plaintiff filed a motion to extend prison copy work limits.  Docket

2 No. 46.  The next day, December 30, 2015, the Court denied Plaintiff's motion because he failed to

3 provide a copy of his inmate account statement, and therefore, failed to demonstrate the need to have

4 his prison copy work limit increased.  Docket No. 47.

5    **II.    DISCUSSION**

6    Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence;

7 (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an

8 intervening change in controlling law.  *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir.

9 2003).  Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of

10 finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d

11 877, 890 (9th Cir. 2000) (internal quotation marks omitted).  A motion for reconsideration is

12 properly denied where it presents no new arguments.  *See Backlund v. Barnhart*, 778 F.2d 1386,

13 1388 (9th Cir. 1985).  By the same token, however, it "may not be used to raise arguments or present

14 evidence for the first time when they could reasonably have been raised earlier in the litigation."

15 *Kona Enterprises, Inc*., 229 F.3d at 890.

16    Since Plaintiff filed his motion *pro se*, the Court construes the filing liberally.  Even liberally

17 construed, however, Plaintiff rehashes the same arguments raised in his initial motion and, again,

18 fails to provide a copy of his inmate account statement.  *See* Docket No. 51.  Plaintiff presents no

19 new facts or law to persuade this court that it should reverse its order.  Further,  Plaintiff's motion

20 to reconsider does not cite, let alone attempt to comply with, the applicable standards.

21    The Court has, therefore, re-examined the motion at issue, as well as the circumstances

22 surrounding its order.  Having done so, the Court finds that it did not commit clear error, the initial

23 decision was not manifestly unjust, and no intervening change in controlling law has occurred.

24 Accordingly, the Court finds that reconsideration of the order at Docket No. 47 is not appropriate.

25 . . .

26 . . .

27 . . .

28 . . .

**III.**     **CONCLUSION**

Based on the foregoing, and good cause appearing therefore, Plaintiff's Motion for Reconsideration (Docket No. 51) is **DENIED**.

IT IS SO ORDERED.

DATED: February 17, 2016.

_____

NANCY J. KOPPE
United States Magistrate Judge